Joshua D. Brinen (SBN 264613)
BRINEN & ASSOCIATES, LLC
90 Broad Street, Tenth Floor
New York, New York 10004
Telephone: (212) 330-8151
Facsimile: (212) 227-0201

Attorneys for Plaintiffs

K&K ORION, LLC,
a New Jersey Limited-Liability Company
and KNUT VIBE-RHEYMER,

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K&K ORION, LLC, a New Jersey Limited-Liability Company, and KNUT VIBE-RHEYMER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DYANSYS, INC., a California corporation,<br><br>Defendants. | Case No<br><br>**VERIFIED COMPLAINT** |

Plaintiff K & K Orion, LLC ("K & K") and Knut Vibe-Rheymer ("Vibe") (collectively the "Plaintiff), by and through their attorneys, Brinen & Associates, LLC, by way of Complaint against Defendant DyAnsys, Inc ("DyAnsys") (the "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for breach of contract, account stated, and unjust enrichment against DyAnsys arising out of DyAnsys' flagrant breach of its contractual obligations to the Plaintiff under a number of promissory notes.

1

**VERIFIED COMPLAINT**

2. Specifically, this action arises out of DyAnsys' attempt to avoid paying any installments due and owing pursuant to the terms of the promissory notes executed between the Plaintiff Vibe and the Defendant.

## PARTIES

3. Vibe is a medical doctor by profession and citizen of the Country of Switzerland who resides at 35 Chemin de Boine, CH-2000 Neuchatel, Switzerland. See a copy of his Swiss passport evidencing this which is attached and marked as Exhibit A.

4. K & K is a Limited Liability Company formed in the State of New Jersey on March 10, 2020, which maintains its headquarters and principal place of business in 209 Hampshire Drive, Plainsboro, New Jersey 08536 in the State of New Jersey.

5. K & K was formed by its incorporator, Ms. Karin Vibe-Rheymer-Stewart. See a copy of K & K's Certificate of Formation evidencing this which is attached as Exhibit B.

6. Ms. Vibe-Rheymer-Stewart is the daughter of Plaintiff, Vibe.

7. K & K is owned by a non-party corporation, Norphoto, Ltd. of which Vibe is the sole officer and director and Ms. Vibe-Rheymer-Stewart individually.

8. K & K was assigned the promissory notes as originally between Plaintiff, Vibe and the Defendant, DyAnsys pursuant to the terms of a Contribution Agreement between K & K and NorPhoto Ltd.

9. As a result, K & K stands as the intended beneficiary of the promissory notes executed between the Plaintiff and the Defendant.

10. Defendant, DyAnsys is a corporation incorporated in the State of Delaware. See a copy of corporate records from the Secretary of State of Delaware evidencing this which is attached as Exhibit C.

11. Defendant, DyAnsys maintains its headquarters and principal place of business at 300 North Bayshore Boulevard, San Matteo, California 94401, in the State of California.

**VERIFIED COMPLAINT**

## JURISDICTION

12. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties and because the amount in controversy exceeds seventy-five thousand dollars ($75,000), exclusive of interest and costs.

13. This Court has personal jurisdiction over DyAnsys because it has its principal place of business in the State of California.

14. This Court has specific personal jurisdiction over DyAnsys pursuant to terms of the promissory notes whereby the law of the State of California must be applied in interpreting the promissory notes. See the Promissory Notes executed on December 28, 2008, a true copy of which are attached and marked as Exhibit D.

15. Defendant DyAnsys submitted to the personal jurisdiction of this Court by executing the promissory notes with the Plaintiff. See Exhibit D.

## VENUE

16. Venue is proper under 28 U.S.C. § 1391(b) and (c) because DyAnsys' principal place of business is in San Matteo in the State of California rendering it subject to personal jurisdiction in the Northern District of California and because a substantial part of the events or omissions that gave rise to this action occurred in the Northern District of California.

## INTRADISTRICT ASSIGNMENT

17. This civil action arises with the Defendant which has its principal place of business in the County of San Matteo. See Exhibit C.

18. A substantial part of the events or omissions which give rise to the claim occurred in the County of San Matteo. See Exhibits C and D.

19. There is a basis for an assignment of these proceedings to the San Francisco Division.

## PLAINTIFF'S FACTUAL ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

**Introduction**

20. In or about 2001, Vibe began to collaborate with the inventor of the Ansiscope.

21. Ansiscope was the first monitor to be able to monitor activity of the autonomous nervous system in real time.

22. The original startup company involved was named Medical Control.

23. Medical Control's Chief Executive Officer was Mr. Emmanuel Cohen Laroque.

24. Multiple research papers were published regarding this medical device.

25. In recognition of Vibe's assistance and contribution to the development of this medical device, he was issued shares of common stock in Medical Control.

26. The monetary value of the Medical Control shares issued to Vibe were in the sum of seven hundred Swiss francs (CHF 700), being the equivalent of six hundred twenty-nine dollars sixty-three cents ($629.63).

**Formation of Defendant, DyAnsys**

27. Medical Control was a precursor entity to Defendant, DyAnsys.

28. During 2005, Medical Control ceased legally as a corporate entity.

29. Mr. Cohen Laroque was suspected and convicted of unlawfully misappropriating corporate assets from Medical Control.

30. Upon information and belief, Mr. Cohen Laroque's conviction concerned his embezzlement of millions of Swiss Francs.

31. These embezzled funds were supposed to be deposited with Medical Control as a corporate loan.

32. Banque Cantonale de Geneve had approved and advanced this corporate loan to Medical Control.

33. Banque Cantonale de Geneve is a banking credit institution located in Geneva, in the State of Switzerland.

34. Mr. Cohen Laroque also misappropriated the code source for the medical device, Ansiscope.

35. Mr. Cohen Laroque was convicted approximately two years later in 2017.

36. In 2005 DyAnsys was founded.

37. DyAnsys was formed as a reincarnation of the former entity Medical Control.

38. DyAnsys was formed in the United States of America.

39. DyAnsys was formed with an entirely new list of C-Suite officers and Board of Directors.

40. Srini Nageshwar (hereafter "Nageshwar") is the Chief Executive Officer ("CEO") of DyAnsys.

41. On or about August 31, 2005, Vibe was granted Class A Shares in DyAnsys. See a true copy of the stock certificate evidencing this assignment of shares which is attached and marked as Exhibit E.

**Vibe's Loans to DyAnsys**

42. The subprime financial crisis in the United States of America adversely affected DyAnsys' ability to develop and generate business.

43. Nageshwar stated to Plaintiff, Vibe that DyAnsys required a new injection of financing as to ensure the entity was able to survive.

44. Nageshwar was aware of how much Vibe had invested in DyAnsys, f/k/a Medical Control.

45. Nageshwar was aware that Plaintiff, Vibe had been working on the medical product Ansiscope as a scientific advisor to DyAnsys, f/k/a Medical Control for the past seven (7) years.

46. Vibe agreed to Nageshwar's request on behalf of DyAnsys.

47. Vibe agreed to financially assist DyAnsys.

**First Promissory Note**

48. On March 28, 2008, Vibe wired fifty thousand Swiss francs (CHF 50,000) to DyAnsys. See a true copy of this electronic wire evidencing this which is attached and marked as Exhibit F.

5

**VERIFIED COMPLAINT**

49. This first loan was memorialized pursuant to a promissory note. See <u>Exhibit D</u>.

50. The promissory note was a written contract between Plaintiff, Vibe and Defendant, DyAnsys.

51. The promissory note was for the purpose of recapitalizing DyAnsys.

52. Defendant DyAnsys received a direct benefit from the promissory note, being a loan of money from Plaintiff, Vibe.

53. The promissory note was executed by Nageshwar, the CEO of Defendant DyAnsys. See Exhibit D, p.2.

54. Plaintiff, Vibe performed under the promissory note when he wired fifty thousand Swiss francs (CHF 50,000) to Defendant DyAnsys. See Exhibit F.

55. Pursuant to the terms of the promissory note, the loan was subject to a five percent interest (5%) rate.

56. DyAnsys was contractually obliged to re-pay the loan payment and all interest to Plaintiff within a period of two years. See Exhibit D, p.1.

57. Defendant DyAnsys did not re-pay the loan payment to Plaintiff, Vibe, within two (2) years pursuant to the terms of the promissory note.

58. Pursuant to the terms of the promissory note, Plaintiff as the lender had the option to convert any unpaid loan payment and accrued interest into DyAnsys Series B Preferred Stock.

59. Plaintiff, Vibe refused the option to convert any unpaid loan payment and accrued interest into DyAnsys Series B Preferred Stock instead.

60. On May 8, 2008, Vibe lent another fifty thousand Swiss francs (CHF 50,000) to Defendant DyAnsys.

61. Plaintiff did so at the express request of at Nageshwar, the CEO of DyAnsys.

62. Nageshwar's request was for the purpose of recapitalizing DyAnsys.

63. Defendant DyAnsys received a direct benefit from this loan of money from Plaintiff, Vibe.

64. Vibe's loan to DyAnsys was at five percent (5%) interest rate. See Exhibit D.

65. This loan was memorialized pursuant to a promissory note. See Exhibit D.

66. Vibe refused shares in DyAnsys in lieu of receiving the loan payments with interest from Defendant DyAnsys.

67. Vibe refused DyAnsys shares because he knew that he would require the money back instead so as to secure his future retirement.

68. Vibe stated to Nageshwar, CEO of DyAnsys that the loan needed to be paid back in full, including accrued interest, on or before July 12, 2011.

69. Vibe anticipated and planned for this date to represent the start of his retirement.

70. DyAnsys failed to re-pay the first loan to Vibe on or before July 12, 2011.

**Second Promissory Note**

71. In or about December 2008, Nageshwar contacted Plaintiff Vibe by telephone.

72. During this communication, Nageshwar stated that DyAnsys had no cashflow remaining to discharge DyAnsys' payroll.

73. Nageshwar stated to Vibe that if he cannot find money, he will need to liquidate DyAnsys.

74. Plaintiff Vibe was at the time of limited financial means.

75. Plaintiff Vibe at the time only had thirty thousand Swiss francs (CHF 30,000) available.

76. Vibe therefore solicited a loan from a friend, Pierre Mongeau, for the remaining twenty thousand Swiss francs (CHF 20,000).

77. Pierre Mongeau agreed and lent twenty thousand Swiss francs (CHF 20,000) to Plaintiff, Vibe.

78. On December 24, 2008, Vibe lent fifty thousand Swiss francs (CHF 50,000) to DyAnsys.

79. This second loan was provided in cash.

7

**VERIFIED COMPLAINT**

80. Defendant DyAnsys received a direct benefit from the second loan of money from Plaintiff, Vibe.

81. This second loan was memorialized pursuant to a promissory note.

82. This promissory note was a written contract between Plaintiff, Vibe and Defendant, DyAnsys.

83. This second loan was delivered to Irmin Bloching-Nageshwar, the spouse of Nageshwar. See a true copy of an acknowledgment evidencing this which is attached and marked as Exhibit G.

84. Pursuant to the terms of the second promissory note, the loan was subject to a five percent (5%) interest rate.

85. DyAnsys was contractually obliged re-pay the second loan payment and all interest to Plaintiff by on or before December 28, 2010.

86. The loan were transferred to DyAnsys on December 29, 2008 for the sum of forty-six thousand five hundred sixty dollars (USD 46,560).

87. DyAnsys failed to re-pay the second loan to Vibe on or before December 28, 2010.

**Third Promissory Note**

88. On February 12, 2009, Vibe loaned a final twenty-five thousand Swiss francs (CHF 25,000) to DyAnsys.

89. This third loan was made by Vibe to DyAnsys on same terms as the original loans.

90. Defendant DyAnsys received a direct benefit from this third loan of money from Plaintiff, Vibe.

91. The third loan was a written contract between Plaintiff, Vibe and Defendant, DyAnsys.

92. This third loan was subject to a five percent (5%) interest rate.

93. This third loan was re-payable within two (2) years.

**VERIFIED COMPLAINT**

94. DyAnsys failed to re-pay the loan to Vibe.

**DyAnsys' Acknowledgment of its Liability and Default**

95. On April 13, 2012, Nageshwar sent an electronic mail message to Plaintiff, Vibe.

96. Nageshwar stated that he would be sending a Shareholder Letter within a couple of weeks.

97. Nageshwar also stated that he was working on selling the company and generating sales in the US. See a true copy of the electronic mail message evidencing this which is attached and marked as Exhibit H.

98. On January 10, 2013, Nageshwar sent a loan statement to Plaintiff Vibe acknowledging its default and liability regarding Vibe's loans made to DyAnsys. See a true copy of correspondence evidencing this which is attached and marked as Exhibit I.

99. Nageshwar stated that DyAnsys will be sending this at the beginning of every year. See Exhibit I.

100. On May 10, 2014, Vibe sent a payment demand letter to DyAnsys. See a true copy of correspondence evidencing this which is attached and marked as Exhibit J.

101. Nageshwar contacted Plaintiff, Vibe by telephone stating that DyAnsys cannot re-pay their loans owed to Vibe.

102. Nageshwar stated that DyAnsys will start reimbursing the debt owed to Plaintiff Vibe on or before 2015.

103. On March 22, 2017, Nageshwar sent an electronic mail message to Vibe to provide him with a loan statement as of the end of 2016. See a true copy of correspondence evidencing this which is attached and marked as Exhibit K.

104. In late August 2017, Vibe had another phone conversation with Nageshwar about the DyAnsys loan due and owing to Vibe.

105. On this occasion, Nageshwar stated that DyAnsys will start sending partial payments shortly.

106. On September 5, 2017, Knut Vibe opened a joint checking account with his daughter, Karin Vibe-Rheymer-Stewart, for the purpose of receiving payments from DyAnsys.

107. No payment(s) were made by DyAnsys, to this account or elsewhere, in 2017.

108. DyAnsys' acknowledgment was last communicated via an electronic mail message on September 4, 2019, and via a signed loan summary statement of January 31, 2019, sent to Vibe from DyAnsys' accountant and agent, Mr. Jim M. Hing of Hing Accountancy Corporation. See true copy of copies of this electronic mail message and loan summary statement marked as Exhibit L.

109. DyAnsys' electronic mail message of September 4, 2019, demonstrated the existence of a previous transaction, being the loan between Plaintiff Vibe and Defendant DyAnsys.

110. This loan is evidenced by the promissory notes between Plaintiff Vibe and Defendant DyAnsys.

111. DyAnsys' electronic mail message of September 4, 2019 provided factual proof of the existence of a debt owed to Plaintiff by Defendant DyAnsys.

112. DyAnsys' electronic mail message of September 4, 2019 provided factual proof that there was an agreement between Defendant DyAnsys and Plaintiff to pay an amount due.

113. The signed loan summary statement of January 31, 2019 provided factual proof of a previous transaction, being the loan between the Plaintiff and Defendant DyAnsys.

114. The signed loan summary statement of January 31, 2019 provided factual proof of the existence of a debt owed to Plaintiff by Defendant DyAnsys.

115. The signed loan summary statement of January 31, 2019 provided factual proof of an amount due to the Plaintiff from Defendant DyAnsys

116. Defendant DyAnsys owes and continues to owe to the Plaintiff the amount due as per the signed loan summary statement of January 31, 2019.

117. Plaintiff K & K and Vibe are owed repayment of the loan.

118. Plaintiff K & K was assigned the promissory notes pursuant to a Contribution Agreement between K & K and NorPhoto Ltd.

119. Plaintiff K & K is entitled to repayment of the loan.

120. To date, no payments have been made to the Plaintiff by Defendant DyAnsys in order to re-pay the amount due.

121. As a result, Defendant DyAnsys has been unjustly enriched to the detriment of the Plaintiff.

**Dyansys' Renewed Admission of Liability to Plaintiff**

122. The Loan Agreements were for the sums of fifty thousand Swiss francs ($50,000 CHF) and one hundred thousand Swiss francs ($100,000 CHF). The Loan Agreements expressly provided that a default annual interest rate of five percent (5%) would be applied to the principal sum in the event of default.

123. Per the loan summary statement, as of December 31, 2018, DyAnsys owed the sum of one hundred sixty-eight thousand five hundred ninety dollars ($168,590 CHF) and one hundred thirty-six thousand nine hundred ninety-four dollars ($136,994).

124. Applying the five percent (5%) interest and continued default by December 31, 2020, DyAnsys owes Dr. Vibe the sums of one hundred eighty-five thousand eight hundred seventy-one dollars twenty cents ($185,871.20 CHF) and one hundred fifty-one thousand thirty-six dollars four cents ($151,036.04).

125. The total of these sums is three hundred thirty-six thousand nine hundred seven dollars twenty-four cents ($336,907.24 CHF).

126. DyAnsys, as of December 31, 2020, owes Dr. Vibe the sum of three hundred sixty-eight thousand eight hundred sixty-three dollars seventy-five cents ($368,863.75).

127. On November 10, 2020, Plaintiff's attorney sent a letter of demand requesting payment of the sum of three hundred sixty-eight thousand eight hundred sixty-three dollars seventy-five cents ($368,863.75) owed by Defendant under the promissory notes. See a true copy of copies of this correspondence marked as Exhibit M.

128. On November 18, 2020, an attorney contacted Plaintiff's attorney via telephone and electronic mail message purporting to represent the Defendant. See a true copy of copies of this electronic mail message marked as Exhibit N.

129. The attorney requested an extension of time to respond to Plaintiff's letter of demand of November 10, 2020, and stated they were in the process of being retained by the Defendant.

130. On November 19, 2020, Plaintiff's attorney responded to the attorney via electronic mail message requesting the attorney to contact Plaintiff's attorney when they were formally retained by the Defendant. See true copy of copies of this electronic mail message marked as Exhibit O.

131. The Plaintiff received no response to this electronic mail message.

## FIRST COUNT
### (Breach of Contract – Promissory Note)
### Plaintiff Vibe v. Defendant DyAnsys

132. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 132 as if set forth in their entirety herein.

133. The Promissory Notes are existing and enforceable contracts between Plaintiff Vibe and Defendant DyAnsys.

134. Plaintiff performed under the terms of the Promissory Notes by transferring the loan money to Defendant DyAnsys.

135. Pursuant to the First Promissory Note, DyAnsys was obligated to pay the Plaintiff one hundred thousand Swiss francs ($100,000 CHF), plus interest, within two years.

136. Pursuant to the Second Promissory Note, DyAnsys was obligated to pay the Plaintiff fifty thousand Swiss francs ($50,000 CHF), plus interest, within two years.

137. Pursuant to the Third Promissory Note, DyAnsys was obligated to pay the Plaintiff Twenty-five thousand Swiss francs ($25,000 CHF), plus interest, within two years.

138. Defendant failed to make any re-payments to discharge these promissory notes.

139. Defendant DyAnsys breached the terms of these promissory notes.

140. Plaintiff demanded repayment of these promissory notes.

141. Defendant failed to make any re-payments to discharge these promissory notes.

142. Defendant failed to re-pay these promissory notes.

**VERIFIED COMPLAINT**

143. On September 4, 2019, Defendant DyAnsys affirmed the existence of these promissory notes via an electronic message to the Plaintiff Vibe. See Exhibit L.

144. On January 31, 2019, Defendant DyAnsys affirmed the existence of these promissory notes via a signed loan statement sent to the Plaintiff Vibe. See Exhibit L.

145. As a direct and proximate result of breach of the promissory notes by Defendant DyAnsys, Plaintiff has suffered and is continuing to suffer damages in the sum of three hundred sixty-eight thousand eight hundred sixty-three dollars seventy-five cents ($368,863.75).

146. As a direct result of Defendant's breach of the promissory notes by Defendant DyAnsys, Plaintiff has been forced to retain the services of counsel and has incurred, and will continue to incur, attorneys' fees and costs until this matter is resolved.

147. Accordingly, Plaintiff is entitled to recover all reasonable attorneys' fees and costs from Defendant DyAnsys.

## SECOND COUNT
### (Accounted Stated)
### Plaintiff Vibe and K&K v. Defendant DyAnsys

148. Plaintiff restate the allegations contained in paragraphs 1 through 148 as if fully set forth herein.

149. Plaintiff Vibe and Defendant DyAnsys executed a valid contract in the form of three promissory notes. See Exhibit D.

150. These promissory notes were subsequently assigned to Plaintiff K&K.

151. Pursuant to terms of the promissory notes, Defendant agreed to discharge full repayment inclusive of accrued interest of sums due to Plaintiff within two (2) years.

152. Plaintiff served Defendant with a valid Payment Notice.

153. Defendant failed to discharge any payments.

154. Defendant manifested an assent to Plaintiff to owe all monies and interest under the promissory notes.

155. This manifestation of an assent is evidenced by an electronic mail message of September 4, 2019 from Defendant DyAnsys to the Plaintiff. See Exhibit L.

13

**VERIFIED COMPLAINT**

156. This manifestation of an assent is evidenced by a signed loan summary statement of January 31, 2019 prepared by the Defendant DyAnsys. See <u>Exhibit L</u>.

157. On September 4, 2019, Defendant DyAnsys affirmed the existence of an account owed to the Plaintiff by Defendant DyAnsys via an electronic message to the Plaintiff Vibe. See Exhibit L.

158. On January 31, 2019, Defendant DyAnsys affirmed the existence of an account owed to the Plaintiff by Defendant DyAnsys via a signed loan statement sent to the Plaintiff Vibe. See Exhibit L.

159. As a consequence of the foregoing, an account was taken and stated between Plaintiff and Defendant which showed a balance of the sum of three hundred sixty-eight thousand eight hundred sixty-three dollars seventy-five cents ($368,863.75).

160. No part of this said sum has been paid although duly demanded.

161. As a direct and proximate result, Plaintiff has suffered loss and damage in the sum of three hundred sixty-eight thousand eight hundred sixty-three dollars seventy-five cents ($368,863.75).

### THIRD COUNT
### (Unjust Enrichment)
### Plaintiff Vibe and K&K v. Defendant DyAnsys

162. Plaintiff restates the allegations contained in paragraphs 1 through 162 as if fully set forth herein.

163. Plaintiff, pursuant to the promissory notes, conferred a benefit on the Defendant, specifically funds in the sum of one hundred fifty thousand Swiss francs ($150,000 CHF).

164. Defendant accepted the benefit of these funds to re-capitalizing the entity Defendant DyAnsys.

165. For this benefit, Defendant was obliged to make re-payments to Plaintiff pursuant to the terms of the promissory notes.

166. Defendant DyAnsys did not do so.

167. Defendant failed to do so.

168. Defendant continues to refuse to make re-payments to the Plaintiff.

**VERIFIED COMPLAINT**

169. Defendant's acts resulted in Plaintiff being deprived of re-payments of three hundred sixty-eight thousand eight hundred sixty-three dollars seventy-five cents ($368,863.75).

170. As a result, Defendant DyAnsys has been unjustly enriched in the sum of three hundred sixty-eight thousand eight hundred sixty-three dollars seventy-five cents ($368,863.75) to the detriment of the Plaintiff.

171. As a result, it would be inequitable for Defendant DyAnsys to retain these funds where it has made no re-payments and continues to evade Plaintiff's contractual obligations under the promissory notes.

172. By reason of the foregoing, the Defendant DyAnsys is liable to the Plaintiff in the amount of damages of three hundred sixty-eight thousand eight hundred sixty-three dollars seventy-five cents ($368,863.75) to be determined at trial.

## JURY DEMAND

173. Plaintiffs request that the Court set this case for a jury trial.

## PRAYER

174. **WHEREFORE**, premises considered, Plaintiffs respectfully request that the Court set this case for trial and that the Court grant Plaintiffs the following relief against Defendants, jointly and severally, as follows:

1. Compensatory damages to be proven at trial;
2. Attorneys' fees and costs of suit;
3. Pre-judgment interest at the maximum rate allowed by law;
4. Post judgment interest at the maximum rate allowed by law; and
5. Such other and further relief as the Court deems just and proper.

DATED:    New York, New York
          May 7, 2021

                                                    Respectfully submitted,

                                                   /s/ Joshua D. Brinen
                                                 Joshua D. Brinen, Esq.
                                                 Brinen & Associates, LLC
                                                 90 Broad Street, Tenth Floor
                                                 New York, New York 10004
                                                 (212) 330-8151 (Telephone)
                                                 (212) 227-0201 (Fax)
                                                 jbrinen@brinenlaw.com
                                                 Attorneys for Plaintiff
                                                 K & K Orion, LLC and
                                                 Knut Vibe-Rheymer

**VERIFIED COMPLAINT**

## Verification

Karin Vibe-Rheymer-Stewart, Ph.D., being duly sworn, deposes and says that she resides at 209 Hampshire Drive, Plainsboro, New Jersey 08536 in the State of New Jersey; that she is a manager of K&K ORION, LLC, a Plaintiff in this action; and that she has read the foregoing complaint and knows the contents of it and that the contents of the complaint are true of her own knowledge, except as to matters stated in the complaint on information and belief, and as to those matters she believes them to be true.

_____
Karin Vibe-Rheymer-Stewart, Ph.D.
209 Hampshire Drive,
Plainsboro, New Jersey 08536

Severally Sworn to before me this 7th day of May 2021.

_____
Notary Public

ANITHA AMALRAJ
NOTARY PUBLIC OF NEW JERSEY
ID # 2439666
My Commission Expires 10/16/2023

17

**VERIFIED COMPLAINT**